DOWNEY, Judge.
The State Attorney for the Ninth Judicial Circuit filed a sworn Complaint for Injunction and Temporary Restraining Order against Appellants, alleging that appellants were exhibiting three obscene films entitled, “Deep Throat,” “Devil in Miss Jones” and “Glady’s [sic] and Her All Girl Band,” in violation of Section 847.011, Florida Statutes (1975). The complaint further alleged that all three films depicted numerous patently offensive sexual acts between male and female which the complaint describes in explicit detail.
Based upon the State’s complaint, on October 27, 1976, the trial court entered a temporary restraining order pursuant to Section 847.011(8)(b), Florida Statutes (1975), enjoining appellants from showing the described films until further order of the court. The restraining order also provided for a hearing before the issuing Judge the following day, October 28, 1976, *909 at 10:00 a. m. The restraining order and a subpoena duces tecum ordering appellants to produce the three films in question and a projector at the hearing the following day were served upon appellants on October 27, 1976. However, appellants did not appear at the hearing held October 28,1976. After the October 28,1976, hearing the trial court issued a capias for the seizure of the three films and projector.
Appellants contend the trial court committed error in issuing the restraining order of October 27, 1976, and the capias of October 28, 1976, because a) the complaint for injunction had insufficient allegations to warrant the issuance of a temporary injunction without notice and b) the issuance of the temporary injunction and the capias, both without notice and without prior viewing by the trial judge, constituted impermissible prior restraint in violation of the First Amendment to the Constitution of the United States.
It appears to be appellant’s contention that no injunction can issue to restrain the exhibition of allegedly obscene material without a prior view-hearing by the judicial officer issuing the injunction. However, this contention was rejected by this court in South Florida Theaters, Inc. v. State ex rel. Mounts, 224 So.2d 706 (Fla. 4th DCA 1969). It is necessary only that the sworn complaint describing the alleged obscenity personally observed by the affiant provide a sufficient basis upon which the judicial officer issuing the restraining order can make an independent determination that the material is obscene. Furthermore, the South Florida case points out that the statutory provision requiring a prompt adversary trial (within one day after issue is joined and a decision within two days of trial) adequately protect a defendant’s rights.
With regard to the issuance of the capias and seizure of the films it should be noted that the capias issued after the scheduled hearing before the trial judge on October 28, 1976. Appellants, though notified, did not attend that hearing. But whether appellants were there or not, that hearing satisfies the constitutional requirement that a judicial officer make a judicial determination of obscenity before any seizure of the alleged obscene material takes place. Ellwest Sterro Theaters, Inc. v. Nichols, 403 F.Supp. 857 (M.D.Fla.1975). In Ellwest a three judge panel held that Section 847.011, Florida Statutes, is not unconstitutional because it allows seizure of materials alleged to be obscene without an adversary hearing prior to seizure and without a judicial inspection of the materials. The cases upon which appellants rely in their attack upon the issuance of the capias generally has some summary procedure lacking judicial determination prior to the issuance of the capias.
Finally, appellants contend that the trial court was without jurisdiction to hold the hearing of October 28, 1976, and issue the capias because appellants had removed the case to the Federal Court. However, there is no support for that contention contained in this record.
Accordingly, the orders appealed, from are affirmed.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.